**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GENO ARNESON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GLOBAL ACCEPTANCE CREDIT | ) |
| COMPANY LP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Geno Arneson brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Global Acceptance Credit Company LP. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because defendant does or transacts business within this District.

### PARTIES

4. Plaintiff Geno Arneson is an individual who resides in Chicago, Illinois.

5. Defendant Global Acceptance Credit Company LP is a limited partnership entity organized under the law of Texas with its principal place of business located at 5850 West Interstate 20, Suite 100, Arlington, TX 76017. It does business in Illinois. Its registered agent and office is National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

6. Global Acceptance Credit Company LP is engaged in the business of purchasing or acquiring or claiming to purchase or acquire delinquent consumer debts originally

owed to others and collecting them, using the mails and telephone system for that purpose.

7. Global Acceptance Credit Company LP states on its web site (http://www.gacc.biz/) that "Global Acceptance Credit Company (GACC) is a purchaser, servicer and reseller of distressed consumer debt. GACC was formed in 1997 and is based in Arlington, Texas. The company purchases credit card, consumer loans and auto deficiency portfolios and liquidates these through both collections and re-sales."

8. Global Acceptance Credit Company LP is a debt collector as defined in the FDCPA.

## FACTS

9. Defendant has been attempting to collect from plaintiff an alleged balance on a Chase credit card incurred for personal, family or household purposes and not for business purposes.

10. In May 2011, a collection letter in the envelope attached as Exhibit A arrived at the address of 2666 Marion Street, Lake Station, IN 46405. Plaintiff uses the address on weekends and has a friend who lives there full time.

11. It was apparent from the outside of the envelope that it contained a collection letter. The words "debt collection practices act see" were visible through the address window. The words were part of a disclosure of rights on the back of the letter. The letter was folded and inserted in a manner that made it likely that it would be visible through the address window. The envelope also was marked "urgent notice", "personal", and "dated material."

12. The nature of the communication was seen by at least one person other than plaintiff, to whom defendant was not permitted to communicate under 15 U.S.C. §1692c, causing embarrassment to plaintiff.

## VIOLATION ALLEGED

13. Exhibit A violates 15 U.S.C. §§1692c(b), 1692f and 1692f(8).

14. Section 1692c provides:

> **§ 1692c. Communication in connection with debt collection [Section 805 of P.L.]**
>
> . . . **(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

15.  Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . ..**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)  Statutory and actual damages;

(2)  Attorney's fees, litigation expenses and costs of suit;

(3)  Such other and further relief as the Court deems proper.

s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)